Our next case for argument this morning is Conwi v. Wilkinson. Good morning. I see Ms. Cheng. I do not see Mr. Trace. Okay. Can you hear me? I can hear you. Okay. All right. Great. Now a picture is coming into view. We're getting some feedback, Mr. Trace. Yes, I hear it. We're getting some feedback. Yes, I hear it. Mr. Trace, could you turn off the YouTube stream? Yes. Sorry about that. All right. You may proceed. Thank you. Good morning, Your Honors. May it please the Court, my name is David Trace, and I represent the appellant today, Aurelio Conwi. Would the Court like a recitation of the facts in this case, or may I just proceed to the argument? You can use your argument time any way you wish. Thank you. Thank you, Your Honor. This case is really about some legal errors that have occurred along the way. Most recently, of course, with the BIA in its April 23, 2013 decision, where it denied the appellant reopening based upon he had decided, based upon change in country conditions. The BIA, unfortunately, did not address the issues or adequately weigh or analyze any of the evidence that was presented, but instead just merely said that the BIA listed the evidence that was presented and then just gave a conclusion that they were not going to grant the motion. And because the evidence didn't support the granting of such a motion. So there was no analysis, and because of that, this Court has said that they do need to, BIA does need to provide an analysis, and they do need to provide reasons for denying a sua sponte reopening. They also concluded in regards to the humanitarian request, they went along the same lines. They didn't evaluate any of the evidence of the hardships, the medical hardships. They didn't speak to the fact that the appellant is married to a United States citizen and, therefore, is eligible to apply for adjustment of status, which he has. The marriage was in 2017. He has an approved I-130 petition, and based upon that, he would be eligible to apply for permanent residency. Instead, what the BIA did is they cited one of their cases, a matter of J&J, where they stated that a sua sponte reopening isn't to avoid a filing deadline. Clearly, we're not, the appellant wasn't seeking to obfuscate a filing deadline in this case, but rather, he was attempting to have the case reopened based upon legal errors and hardships for humanitarian reasons. He's 70 years old. His wife is also older, and he suffers from coronary artery disease and COPD. Mr. Trace, it appears to me that all of these arguments go to the denial of sua sponte reopening, which is an unreviewable decision. Yes. My understanding, though, is if there is legal error, then this court does have jurisdiction to review it. There is no legal error. You're making arguments about insufficient weight being given to various aspects of your case for sua sponte reopening, and that's not a legal error. That's a challenge to the agency's discretionary weighing of the case for sua sponte reopening. That's not reviewable by us. Well, Your Honor, again, with due respect, I believe that the BIA wasn't just weighing. It was that they didn't give any reasons why they were denying sua sponte. They didn't give any reasons. They didn't evaluate the evidence at all. They just listed it and then denied it. That's not a legal or constitutional error. Counsel, last year, the Seventh Circuit decided about 2,000 cases. We did not reopen a single one of them sua sponte, and we didn't give reasons in any of the 2,000 cases. Were we consistently making a legal error? No, Your Honor. So why is it any different if the Board doesn't reopen sua sponte without giving a reason? No, Your Honor. You may be aware, though your brief doesn't show any awareness, of the fact that we have a series of cases holding that the Board doesn't have to give reasons for not reopening sua sponte. It's quite a large number of cases in the Seventh Circuit holding that. Your brief doesn't mention any of them. Well, we do refer to the case of BoICA, where this Court said the Board's terse explanation that only evidence proffered with the present motion does not affect the changed country conditions wasn't enough. And also in BoICA, this Court said that you have frequently remanded cases when the BIA's failure to discuss potentially emeritus... And how many of those involved sua sponte reopening? I guess that case did not, Your Honor. Yes. Is there anything further, Mr. Chase? Yes. Well, I see I have three minutes left, and I think the Court has made its position clear, so I'll just defer this time. Thank you very much. Ms. Chang. Good morning, Your Honors. May it please the Court? Linda Chang on behalf of the Acting U.S. Attorney General, Robert Wilkinson. In this case, the Court should dismiss in part and deny in part the petition for review. As we have noted, this Court lacks jurisdiction to review the Board's discretion to exercise its sua sponte authority to reopen cases. Second, the Board did not abuse its discretion in denying Petitioner's untimely motion to reopen where he failed to make a prima facie showing that the change in political climate has created an objectively reasonable fear of persecution. While the evidence described the current government's violent anti-drug efforts and efforts to stifle the free press and dissenters, the record does not bear out Petitioner's claim that the government is seeking retribution against former informants against the Marcos regime, which was 30 years ago. Further, the Board probably concluded that Petitioner has not shown that similarly situated individuals have been targeted by the government currently. Indeed, the record does not support his claim that the current administration's retreating informants who worked against Marcos 30 years ago would be persecuted, consisting with dissenters of Duterte today. Therefore, the Board's decision should be upheld. There was no abuse of discretion. And if your Honours don't have any questions, the government would rest on our briefs. All right, thank you very much. Mr. Trace, anything further? No, Your Honour. All right, thank you very much. Thanks to both counsel, the cases team, and our advisers.